# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DONALD BATES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 9:14-00411-BHH-BM |
| ) | |
| v. ) | |
| ) | |
| L.R.THOMAS, Warden[1], ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |

This action has been filed by the Petitioner, pro se, pursuant to 42 U.S.C. § 2241. Petitioner, an inmate at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina, was sentenced on July 14, 2008, to a 152-month term of federal imprisonment by the Superior Court for the District of Columbia on three convictions for armed robbery committed during release.[2] See Respondent's Exhibit 2. Petitioner currently has a projected release date of February 25, 2019, via Good Conduct Time (GCT) Release. Id. In this petition, Petitioner seeks to have his administrative disciplinary conviction for Fighting [see Respondent's Exhibit 2] set aside and restoration of good

---

[1] Respondent represents that Kenny Atkinson, the original Defendant in this action, is no longer the Warden at FCI Edgefield and requests that L.R. Thomas, the current warden, be substituted as the proper party.

[2] Respondent represents that Petitioner had previously been incarcerated at FCI Williamsburg, South Carolina, from December 11, 2009, to November 30, 2012, citing to Respondent's Exhibit One. While this Exhibit does not appear to show where Petitioner was previously incarcerated, that Petitioner was at FCI Williamsburg appears to be uncontested.



1

time that was disallowed as a result of this disciplinary conviction.

Respondent filed a dismiss and/or motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 10, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 11, 2014, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the Respondent's motion on July 21, 2014, to which Respondent filed a reply memorandum on July 30, 2014.

This matter is now before the Court for disposition.[3]

## **Background**

On August 3, 2012, Petitioner received an incident report charging him with the prohibited act of Fighting. See Respondent's Exhibit 3. The incident report stated that on August 3, 2012, Senior Officer Specialist Washington observed Petitioner and inmate Joseph Harrington arguing loudly with each other. Washington also observed the inmates hitting each other in the upper bodies with closed fists. Washington told the inmates to stop, but they did not comply. The Lieutenant's office was notified. Id.

On that same day, Petitioner received a copy of the incident report charging him with the prohibited act of Fighting with Another Person in violation of Code 201. Id. The incident report

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion to dismiss and/or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



provided Petitioner with a description of the incident and the prohibited act with which he was being charged. Id. An investigation was conducted and the matter was referred to the Unit Discipline Committee (UDC). Id. at pp. 2-3. A UDC hearing was then conducted on August 7, 2012. The Petitioner was advised of his right to remain silent during the UDC hearing but that his silence - but not his silence alone - could be used to draw an adverse inference against him at any stage of the disciplinary process. Id. at pp. 2-3. Petitioner stated only that "[t]he whole argument was about disrespect." Based on the documented evidence, the UDC concluded that the charge was supported as written, and the UDC accordingly referred the charge to a Disciplinary Hearing Officer ("DHO"). Id. at p. 2. Petitioner was given written notice of a hearing before the DHO as well as his rights at the DHO hearing. See Respondent's Exhibits 4 and 5.

Petitioner was removed from the general population and placed into the Special Housing Unit (SHU) pending the DHO hearing. See Respondent's Exhibit 3. A hearing before the DHO was conducted on August 29, 2012. See Respondent's Exhibit 6. The hearing report reflects that Petitioner was present and again advised of his rights, and Petitioner stated that he understood his rights. According to the report, Petitioner declined the assistance of a staff representative, indicated that he was not requesting witnesses and that he had no documentary evidence to present, and stated that he was ready to proceed. The Petitioner presented no evidence, but stated in his defense that the incident was merely an argument that "got out of hand" and "not a real fight." Id.

After considering all of the evidence, the DHO found based upon the greater weight of the evidence that Petitioner had committed the prohibited act as charged. The DHO then imposed a variety of sanctions for the offense, including disallowance of 21 days good conduct time, disciplinary segregation for 21 days (suspended), and three months loss of visitation privileges. The



3

DHO prepared a written report detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed, and a copy of this written decision was delivered to the Petitioner on November 6, 2012. Id.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent concedes that Petitioner has exhausted his administrative remedies, and that this Petition is properly before this Court. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)[Prisoner may use § 2241 to challenge deprivation of good-time credits]; Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984). However, after careful review of the material and arguments presented, the undersigned finds that Petitioner has failed to show entitlement to relief on his claim.

In a prison disciplinary setting, an inmate is entitled to only a minimal standard of due process. If the following requirements are satisfied, prison officials have met this minimal standard.



4

1. Advance written notice of the charges;

2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004). Here, it is uncontested that Petitioner was given advance written notice of the charges, that he was provided with a UDC hearing on August 7, 2012, notice of the disciplinary hearing before the DHO, as well as with a copy of his inmate rights, including that he had the right to call witnesses and present evidence. See Respondent's Exhibits 2-5. The DHO hearing was then conducted on August 29, 2012, at which Petitioner was present and made a statement in his own defense that this was not a "real" fight and that it was just a loud argument which got "out of hand". See Respondent's Exhibit 6. The DHO also considered the facts presented in the written report of the reporting officer based on the eyewitness account of Petitioner's actions which included identification of Petitioner and the other inmate, observation of them striking each other with closed fists in the upper torso and facial areas, that an order was given to stop and neither complied, and that emergency staff responded and gave the order to stop and separated the inmates. The DHO found the statement of staff to be credible and stated that they had no reason to fabricate the incident. After considering all of the evidence, the DHO found that Petitioner had committed the prohibited act as charged and imposed a variety of sanctions, including disallowance of good conduct time, disciplinary segregation, and visitation privileges. Id. The DHO also prepared a written report detailing the decision, the evidence relied upon and the reasons for the sanctions imposed, and a copy



of this written decision was delivered to the Petitioner on November 6, 2012. Id.

In his petition, Petitioner contends that his rights were violated on the basis that the DHO did not review and take into account the Housing Unit Camera footage. See Petition, p. 4. Also, in his response in opposition to summary judgment, Petitioner raises for the first time that his rights were also violated because he requested an inmate representative and witnesses, but was not provided with either. However, there is nothing in the case history which shows a violation of Wolff and its progeny, as the evidence before the Court reflects that Petitioner was provided with the minimal standard of due process. See Respondent's Exhibits 2-6; see also Wolff, 418 U.S. at 563-576; Luna, 356 F.3d at 487-488 [noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in a fair and impartial hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore].

It is undisputed that when Petitioner was first given written notice of the DHO hearing and advised of his rights at the DHO hearing, he initially indicated on August 7, 2012, that he wanted an inmate representative and witnesses. See Respondent's Exhibits 4 & 5. However, despite the form indicating the need to do so, Petitioner did not list in the space provided the name of who he wanted to serve as his Staff Representative, or what witnesses he wanted to call. See Respondent's Exhibit 4; see also Bureau of Prisons (BOP) Program Statement 5270.09, Inmate Discipline Program, which provides in the relevant section that:

> (d) Staff Representative. You are entitled to have a staff representative during the DHO hearing process as follows:
>
> (1) How to get a staff representative. You may request the staff representative of your choice, so long as that person was not a victim, witness, investigator, or otherwise significantly involved in the incident. If your request(s) cannot be fulfilled,



6

and you still want a staff representative, the Warden will appoint one. The Warden will also appoint a staff representative if it appears you are unable to represent yourself before the DHO, for example, if you are illiterate or have difficulty understanding the charges against you.

See BOP Program Statement 5270.09, Inmate Discipline Program, § 541.8 (d); see also 28 C.F.R. 541.8(d)(1).

There is no evidence in the record that Petitioner ever indicated who he wanted as an inmate representative or the name of any potential witness. See Respondent's Exhibit 4. Furthermore, the documentary evidence reflects that on August 29, 2012, Petitioner was present at his DHO hearing and again advised of his rights. See Respondent's Exhibit 6. Petitioner stated that he understood his rights, declined the assistance of a staff representative, indicated that he did not have documentary evidence to present, did not wish to have witnesses testify, and that he was ready to proceed with the hearing. Id. Further, Petitioner did not raise any issue regarding requesting an inmate representative or a witness or witnesses in his appeal. See Respondent's Exhibits 7 and 8. Even in his response in opposition to summary judgment, where Petitioner raises these issues for the first time, he does not identify any witness who he wanted present or what any purported witness would have testified to on his behalf. Nor does Petitioner assert that he ever indicated who he wanted as an Inmate Representative. Accordingly, Petitioner has not shown that his rights were violated on this basis.

With regard to his request that certain Housing Unit Camera footage on the date of the incident be reviewed, there is no evidence in the record that Petitioner requested this footage prior to his hearing, and when Petitioner raised his issue in his appeal of the DHO decision, the Regional Director pointed out Petitioner's failure to request such prior to or at the hearing along with the fact that the footage was unnecessary since there was an eye witness. See Respondent's Exhibit 8. When



denying the appeal, the Regional Director also reiterated that Petitioner had made no argument to show the officer would have fabricated the incident. Id. Petitioner still has not done so in his response in opposition to summary judgment, and the due process required by Wolff does not guarantee prisoners the unfettered right to call any witness or present any evidence they wish regardless of its relevance or necessity. Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002); see also Segarra v. McDade, 706 F.2d 1301, 1305 (4th Cir. 1983); Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 457 (1985); see also Wolff, 418 U.S. at 564-566 (1974)[No due process violation where a petitioner fails to craft his own defense despite ample time in which to do so]. Therefore, Petitioner has not shown that any failure to review housing unit camera footage violated his due process rights in this case.

In an institutional setting, the fact-finder need only show that some evidence existed to support the decision. Superintendent, Massachusetts Correction Institution, 472 U.S. at 456-457; see Piggie, 344 F.3d at 677. The Supreme Court in Superintendent evidenced a distaste for allowing federal courts to review the outcome of prison disciplinary actions, with the "some" evidence standard for a disciplinary decision being sufficient to pass scrutiny under the due process clause. Spence v. Farrier, supra; Easter, 51 Fed.Appx. at 289; Allen, 5 F.3d at 1153; Koenig, 971 F.2d at 423; Peranzo, 850 F.2d at 126. The evidence presented shows compliance with this standard. Petitioner was not denied a right to an inmate representative or to present witnesses, nor was he denied his rights because the DHO did not review footage from a housing unit camera, assuming that it even existed. Petitioner's claim is without merit.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**.

        The parties are referred to the Notice Page attached hereto.

                                                  Bristow Marchant
                                                  United States Magistrate Judge

August 18, 2014
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



10